IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ADRIAN MORTON, | ) FILED: JULY 8, 2008 ) 08CV3869 ) JUDGE GUZMAN ) MAGISTRATE JUDGE ASHMAN ) YM ) ) ) ) ) ) | |
| Plaintiff, | | Case No. |
| v. | | |
| | | Judge |
| CITY OF CHICAGO, and UNKNOWN CITY OF CHICAGO POLICE OFFICERS | | |
| Defendants. | | JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES Plaintiff, ADRIAN MORTON, by his attorneys, LOEVY & LOEVY and KURT H. FEUER, and complaining of Defendants, the CITY OF CHICAGO and UNKNOWN CITY OF CHICAGO POLICE OFFICERS, states as follows:

**Introduction**

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. Specifically, as a result of egregious police misconduct and abuse more fully described below, Plaintiff was beaten and suffered physical and other injuries.

**Jurisdiction and Venue**

3. This Court has jurisdiction of the action pursuant to 28 U.S.C. Section 1331.

4. Venue is proper under 28 U.S.C. Section 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

## The Parties

5. Plaintiff, Adrian Morton, was at all relevant times a citizen of the United States and a resident of Cook County, Illinois. At the time of the incident set forth below Plaintiff was employed by Andrews Automotive at 10055 South Torrence, Chicago, Illinois. Plaintiff is currently employed by BNSF Railroad.

6. Defendant City of Chicago is an Illinois municipal corporation, and is and/or was the employer of each of the Defendant Officers. The City of Chicago is responsible for the acts of the Defendant Officers while employed by the City of Chicago and while acting within the scope of their employment.

7. The individual Defendants are Chicago Police Officers whose names are presently unknown to Plaintiff. The first unknown officer is a white male whose star number, upon information and belief, is #19925, and the second unknown officer is a white female, star number presently unknown (collectively the "Unknown Officers").

## Background

8. On October 19, 2007, at approximately 6 to 6:30 p.m., Plaintiff was driving his company truck south on Colfax Street to return to work when he was pulled over by two uniformed Chicago Police officers, one a white male and the other a white female.

9. Upon arriving at the driver's side door of the truck, the male officer asked Plaintiff what he was doing and told him to "get the fuck out of the truck." The officer then opened the driver's side door and tried to pull Plaintiff out of the truck.

10. The officer was unable to pull Plaintiff out because Plaintiff was seat-belted in, and the officer began to pull harder, whereupon Plaintiff told the officer he was trying to unbuckle his seat belt.

11. When the officer succeeded in pulling Plaintiff out of the truck Plaintiff asked him why he was being stopped and pulled out of his car by his shirt, and told the officer that he had a valid driver's license and insurance and was on his way to work.

12. The male officer told Plaintiff that he did "not give a fuck" about his job and that he did not have to answer Plaintiff's "fucking questions." He ordered Plaintiff "not to say a fucking word" and to put his hands on the truck.

13. Morton continued to ask the officer why he had been stopped and another police car with a male white sergeant pulled up and asked the officers what was going on. The male officer told him that Plaintiff was being belligerent and would not shut up. Plaintiff attempted to explain to the sergeant what was going on but was told to talk to the officer.

14. Two of Plaintiff's neighbors and friends, Ronald and Mary Murray, then drove up and stopped their car. Ronald Murray got out of the car and asked the officers what was going on. He told the officers that Plaintiff was a good guy and like a brother to him.

15. The white male officer told Murray that it was for a minor traffic offense and that they would let Plaintiff go soon.

16. Morton continued to ask the officer why he had been stopped, whereupon the officer said "That's it," handcuffed Plaintiff, and put him in the back of the squad car.

17. While Plaintiff was in the squad car, the female officer lifted the truck door and began to look at the truck's bumpers. As soon as Plaintiff's neighbors left, the male officer got into the cab of the truck and searched it.

18. The female officer returned to the squad car, took Plaintiff's wallet, and ran him name through the computer, which came up clear. Plaintiff asked the female officer why the truck was being searched. The female officer told Plaintiff that she

4

did not "give a fuck" about the truck and that Plaintiff was in the squad car because he was "an ignorant motherfucker" and did not know when "to shut his fucking mouth."

19. The male officer then returned to the squad car and Plaintiff told him that if he gets a ticket he will not be able to work. The male officer told him that he would make sure Plaintiff lost his job and that he was going to impound the truck and take Plaintiff to jail.

20. Plaintiff's mother then pulled up and approached the female officer, who inquired who she was. Plaintiff told the officer that she was his mother, whereupon the officer told her that her son was a grown man and did not need her here, and ordered her to return to her car. Plaintiff asked the female officer to be respectful to his mother. Plaintiff then heard the female officer tell the male officer that they were going to "long form" Plaintiff.

21. The female officer then got in the truck to drive it to the police station, and the male officer sped off in the squad car with Plaintiff. The male officer stopped in an alley near 102nd and Hoxie streets, got out of the car, opened the door next to Plaintiff, and struck Plaintiff in the mouth with his fist. The officer then told Plaintiff "I bet you don't have much to say now."

22. The male officer then took Plaintiff to the police station, where Plaintiff was processed, including a strip search.

23. After waiting at the station for some time, Plaintiff was informed that he would not be arrested, but issued traffic citations. He was released soon thereafter.

24. Plaintiff's lip was cut and his teeth were chipped as a result of the male officer striking him, and Plaintiff went to Trinity Hospital for treatment.

25. The day after the incident Plaintiff made a complaint to the Police Department's Office of Professional Standards and gave a statement to OPS.

26. Plaintiff went to court in December of 2007 and was tried on the traffic citations he received. The male officer testified that Plaintiff ran a red light and was not wearing his seat belt. Plaintiff testified on his own behalf and was acquitted.

### Count I -- 42 U.S.C. Section 1983
### Excessive Force

27. Plaintiff realleges by this reference paragraphs 1 through 26 of this Complaint as if restated fully herein.

28. As described above, the male Defendant Unknown Officer intentionally and without any cause struck Plaintiff with his fist.

6

29. As a result of said Defendant's unjustified and excessive use of force, Plaintiff suffered physical injury, mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

30. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

31. The misconduct described in this Count was undertaken by the Defendant Officer within the scope of his employment and under color of law such that his employer, the CITY OF CHICAGO, is liable for his actions.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the Unknown Defendant officers and the CITY OF CHICAGO, to enter a judgment for punitive damages against the Unknown Defendant officers, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### Count II -- 42 U.S.C. 1983
### Claim For False Detention, Arrest, and Imprisonment

32. Plaintiff realleges by this reference paragraphs 1 through 26 of this Complaint as if restated fully herein.

33. The actions of the Unknown Defendant officers in falsely detaining, arresting and imprisoning Plaintiff without reasonable suspicion or probable cause violated his Fourth

7

Amendment rights to be free from unreasonable search and seizure under the United States Constitution, and thus violated 42 U.S.C. 1983.

34. The actions of the Defendants were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights, suffering, mental distress, and other injury, as set forth more fully above.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the Unknown Defendant officers and the CITY OF CHICAGO, to enter a judgment for punitive damages against the Unknown Defendant officers, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT III -- State Law Claim
### Malicious Prosecution

35. Plaintiff realleges by this reference paragraphs 1 through 26 of this Complaint as if restated fully herein.

36. The acts of the male Unknown Police officer in creating a false story, falsely charging Plaintiff with traffic offenses, and falsely testifying against him in court caused Plaintiff to lose his liberty while under arrest and be criminally prosecuted.

37. Said actions were wrongful and wholly unjustified, and caused injury to Plaintiff, including monetary damages and emotional distress.

38. Said actions constitute the tort of malicious prosecution under the laws of the State of Illinois.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the Unknown Defendant officers and the CITY OF CHICAGO, to enter a judgment for punitive damages against the Unknown Defendant officers, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT IV -- State Law Claim
### Respondeat Superior

39. Plaintiff realleges by this reference paragraphs 1 through 26 of this Complaint as if restated fully herein.

40. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

41. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the CITY OF CHICAGO, to

award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT V -- State Law Claim
### Indemnification

42. Plaintiff realleges by this reference paragraphs 1 through 26 of this Complaint as if restated fully herein.

43. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

44. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the CITY OF CHICAGO, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### JURY DEMAND

Plaintiff, ADRIAN MORTON, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED:

_____

Arthur Loevy
Jon Loevy
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900


Kurt H. Feuer
Attorney at Law
312 N. May Street
Suite 100
Chicago, IL 60607
(312) 243-5900